**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**MATTHEW D. MAHONEY**                                                                   **PETITIONER**
Reg #42236-424

VS.                          CASE NO.: 2:16-CV-44-KGB-BD

**C.V. RIVERA, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                                                                   **RESPONDENT**

## RECOMMENDED DISPOSITION

I.   **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. Any party may file written objections with the Clerk of Court within fourteen (14) days of filing this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be waived. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

II.   **Background**

Petitioner Matthew D. Mahoney filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging a prison disciplinary conviction. (Docket entry #1) Warden C.V. Rivera has responded to the petition. (#9)

Mr. Mahoney is in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution in Forrest City, Arkansas ("FCI-FC"). He challenges a disciplinary conviction that resulted in the loss of thirteen days of Good Conduct Time ("GCT"). (#1) As grounds for the challenge, Mr. Mahoney alleges that the Disciplinary Hearing Officer ("DHO") who presided over his disciplinary hearing was not impartial. Mr. Mahoney's claim is based on a staff misconduct complaint he filed against the DHO four months prior to the disciplinary hearing at issue here.[1] (#1, pp. 6-7)

According to Mr. Mahoney, the DHO was under investigation for that complaint at the time of Mr. Mahoney's hearing. Mr. Mahoney had also filed "numerous" grievances against the DHO in question before the issuance of the incident report at issue here. (#1, p. 7) Mr. Mahoney does not challenge any other aspect of his disciplinary conviction. (#1) He asks the Court to dismiss and expunge his disciplinary conviction and to restore his lost GCT.

### III. Discussion

In the prison setting, inmates are entitled to due process protections, but at a substantially reduced level, as compared with due process rights of those in the free world. Before revocation of GCT, a prisoner is entitled to these due process rights: (1) advance written notice of the disciplinary violation; (2) an opportunity, with some

---

[1] The complaint concerned penalties added to a previous disciplinary conviction that the DHO failed to include in the DHO report or state verbally during the hearing. (#1, p. 7)

exceptions, to call witnesses and present a defense; and (3) a written decision by impartial fact-finders as to the evidence relied upon and the reasons for the disciplinary action taken. *Dible v. Scholl*, 506 F.3d 1106, 1110 (8th Cir. 2007)(citing *Superintendent v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768 (1985) and *Wolff v. McDonnell*, 418 U.S. 539, 564-571, 94 S.Ct. 2963 (1974)).

Mr. Mahoney does not raise any issues regarding notice, an opportunity to be heard, or whether he received a written decision that relied on "some evidence" of the charge. Instead, he challenges only the impartiality of the DHO. (#1)

An impartial decision-maker is a fundamental requirement of due process. *Id*. at 592 (Marshall, J., concurring). Due process is generally satisfied when the DHO has had no involvement in the investigation of the case and no other personal involvement in the case. *Id.* The DHO in this case had no involvement in the case beyond the disciplinary hearing. But the Eighth Circuit has also recognized the possibility of a Due Process violation when there is a "personal" bias; specifically, when an inmate prepared and filed a lawsuit naming the DHO as a defendant. *Malek v. Camp*, 822 F.2d 812, 816-817 (8th Cir. 1987). Courts must decide claims of alleged personal bias on a case-by-case basis. *Id*. at 815-817.

There is no evidence that Mr. Mahoney prepared or filed any lawsuits against the DHO in this case. Mr. Mahoney did file, however, what he describes as numerous grievances and at least one staff conduct complaint against the DHO. In a fairly recent

3

case, the Eighth Circuit has found the filing of grievances against a DHO insufficient to call the DHO's impartiality into question. *Winston v. Petty*, 565 Fed.Appx. 577 (8th Cir. 2014)(per curiam)(citing *Meuir v. Greene Cnty. Jail Emps.*, 487 F.3d 1115, 1119 (8th Cir. 2007)); see also *Adams v. Gunnell*, 729 F.2d 362, 370 (5th Cir. 1984)(DHO may preside over a disciplinary hearing even where the inmate has previously filed an unrelated grievance against the DHO). The Eighth Circuit has also indicated, but not held, that a neutral appeals board's finding of "some evidence" in the record to support the conviction would cure any prejudice from a biased decision-maker, leaving no constitutional violation. *Malek*, 822 F.2d at 817 (dissent).

There was certainly "some evidence" to support Mr. Mahoney's disciplinary conviction. He argues, however, that the regional office (equivalent to an appeals board) found that the DHO was not impartial. This assertion, however, is not supported by the record.

Mr. Mahoney appealed two disciplinary convictions he received on the same day (and the DHO heard in back-to-back hearings). The regional office remanded one conviction back to the institution for a rehearing. (#1-1, p. 27) The institution dismissed that conviction rather than rehear the case. The regional office, however, did not give lack of impartiality as the reason for the remand. Instead, the regional office found that the DHO referenced documents that he did not adequately describe or include in his report. (#9-1, p. 30) The regional office remanded the conviction so the DHO could

"provide detailed information regarding the finding for the prohibited act."[2] (#9-1, p. 30) In the second disciplinary conviction, the one at issue here, the regional office specifically found that the DHO was an impartial DHO. (#1-1, p. 28)

There is no actual evidence that the DHO was not impartial in this case, and previously filed grievances are the only evidence that the DHO held a personal bias against Mr. Mahoney. The evidence strongly supports the disciplinary conviction at issue, and the sanctions meted out by the DHO were well within the guidelines for the offense.

The regional office also found sufficient evidence to support the disciplinary conviction. Because Mr. Mahoney does not claim that the DHO was involved in the investigation or the incident itself, and because his previously filed grievances are the only evidence of personal bias, he has failed to prove impartiality or personal bias sufficient to sustain a claim for a Due Process violation.

## IV. Conclusion

Although this is a fairly close case, the DHO's participation in the disciplinary proceeding did not violate Mr. Mahoney's right to Due Process. Accordingly, Mr.

---

[2] It appears that the document stating the specific reasons for a remand is not provided to inmates. Thus, it is understandable that Mr. Mahoney would believe the regional office remanded the case based on his primary complaint, that is, the impartiality of the DHO.

Mahoney's petition for a federal writ of habeas corpus should be DENIED and DISMISSED, with prejudice.

DATED this 5th day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE